James Frank Scott v. Commissioner.
Scott v. Commissioner
Docket No. 26954.
United States Tax Court
1950 Tax Ct. Memo LEXIS 67; 9 T.C.M. (CCH) 932; T.C.M. (RIA) 50248; October 24, 1950
*67 James Frank Scott, pro se. Sanford Stoddard, Esq., for the respondent. DISNEY
Memorandum Opinion DISNEY, Judge: This case involves income tax for the calendar year 1948. Deficiency was determined in the amount of $121.85. Petitioner's return was filed with the collector at Baltimore, Maryland. The only question presented is whether the petitioner is entitled to an exemption because of the dependency of his mother. More particularly the question is whether he contributed over half of his mother's support. From evidence adduced we find the facts as follows: [The Facts] The petitioner's mother, Mary C. Scott, had during the calendar year 1948 gross income of less than $500. She was more than 80 years of age and deaf. For seven months of the year she lived with her nephew Edgar Countess and his wife Edith. During that time she paid to Edith Countess $3.50 a week for her entire room and board. The only income she had during the seven months was furnished by the petitioner, in the total amount of $175. During the remaining five months of the year she lived and was supported by the Little Sisters of the Poor, a Catholic institution, in a home. During that five *68 months the petitioner gave his mother $10 a month for incidentals such as medicine, and food, fruit and candy. [Opinion] Under the above facts, and under the language of section 25(b)(1)(D) and (b)(3) of the Internal Revenue Code, it is apparent, and we hold, that the petitioner has not shown that he contributed over half of his mother's support. He claims to have contributed only $225. Petitioner's idea appears to be that since he supported his mother more than one-half of the year he is entitled to the exemption. The statute involves, however, a test of cost of support rather than time of support. Our question is whether it is shown that $225 is more than half of the cost of support of petitioner's mother, during the year 1948. Obviously, such showing has not been made. We know only that he spent $225 on her support, but whether her entire support for the year was less than twice that amount, that is, less than $450, nowhere appears. The evidence does not show cost of support of the mother during the five months by the Little Sisters of the Poor, and to hold for the petitioner we would have to assume that the cost of her support by the Little Sisters of *69 the Poor for the five months was less than $225. Indeed it is obvious that it is possible, if not probable, that the nephew of the petitioner's mother, in furnishing her room and board for $3.50 a week, contributed considerably to her support. If we can not take judicial notice that with the cost of living as it now is, $3.50 a week did not recompense the nephew for support of his aunt, so that he thereby contributed to her support, we may not in any event assume that the entire support of petitioner's mother during the year cost less than twice the $225 he contributed. We conclude and hold that the petitioner has not shown error on the part of the Commissioner in the determination of the deficiency. Decision will be entered for the respondent.